**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re Application of<br><br>IGY SERVICES EUROPE LIMITED,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding | Case No. 1:26-mc-00053-VSB-SN |

**RESPONDENTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO IGY SERVICES EUROPE LIMITED'S AMENDED APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO <u>CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING</u>**

In accordance with the Court's order dated June 9, 2026 (ECF No. 26), Respondents Island Capital Group LLC ("Island Capital"), Andrew Farkas, and Thomas Mukamal (together, "Respondents") respectfully submit this supplemental memorandum of law and accompanying Supplemental Declaration of Danielle L. Rose, dated June 26, 2026 (the "Supp. Rose Decl."), in opposition to the application filed by IGY Services Europe Limited ("IGY UK") (ECF No. 27, the "IGY UK Application") seeking discovery for use in a foreign proceeding. Respondents hereby incorporate by reference their Memorandum of Law (ECF No. 19, "Respondents' Opposition") and accompanying Declaration of Danielle L. Rose, dated March 19, 2026 (ECF No. 20), previously filed in opposition to the now-mooted application of Island Global Yachting LLC ("IGY").[1]

**PRELIMINARY STATEMENT**

The IGY UK Application should be denied. IGY UK is improperly seeking discovery for its pending claims against Island Capital, Island Capital's affiliate, and Mr. Farkas (the "IGY UK Claims") in Delaware (the "Delaware Action") rather than "for use" in its claim against Kenneth Jones in England (the "English Action"). As demonstrated in Respondents' Opposition, the IGY UK Application therefore does not satisfy the statutory requirements for Section 1782 discovery. *See* ECF No. 19 at 14-15.

Further, as shown herein, the Court should exercise its discretion to deny the IGY UK Application because the factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ("*Intel*") weigh strongly against granting discovery in these circumstances. At a minimum, the Court should defer ruling on the IGY UK Application until the court in the Delaware Action (the "Delaware Court") determines whether to dismiss the IGY UK Claims, including

---

[1] Unless otherwise defined herein, capitalized terms have the respective meanings ascribed to them in Respondents' Opposition.

based on *forum non conveniens*. If the Delaware Court dismisses the IGY UK Claims on *forum non conveniens* grounds and Island Capital and Mr. Farkas are joined in the English Action, then IGY UK has no need for the Court's assistance. By contrast, if the IGY UK Claims proceed in Delaware, discovery should proceed according to the timetable set by the Delaware Court and pursuant to a mutually acceptable protective order addressing the use of discovery in and from the English Action. In either scenario, there is no need for this duplicative proceeding, which seeks to impose on Respondents undue time pressure without any corresponding need.

## ADDITIONAL RELEVANT BACKGROUND

Respondents' Opposition set forth the relevant background as of March 19, 2026. ECF No. 19 at 3-9. Since that filing, there have been several pertinent procedural developments.

On March 27, 2026, IGY UK, together with its affiliate MarineMax East, Inc. ("MarineMax East"), served interrogatories and requests for production on Island Capital and Mr. Farkas in the Delaware Action (the "Delaware Discovery Requests"). The Delaware Discovery Requests seek, among other discovery, the same documents that IGY UK seeks through the IGY UK Application. *See* ECF No. 22-5. MarineMax East and IGY UK also seek discovery related to the earnout dispute, which is the core issue being litigated in the Delaware Action. *Id.*

On May 15, 2026, Island Capital and Mr. Farkas (as well as an additional defendant, Island Marina Holdings LLC ("Marina Holdings")), moved in the Delaware Action to dismiss the IGY UK Claims for failure to state a claim, for lack of subject matter jurisdiction, and on *forum non conveniens* grounds (the "Motion to Dismiss"). *See* Supp. Rose Decl., Ex. 1 (Motion); Ex. 2 (Opening Brief). As to *forum non conveniens*, Island Capital, Marina Holdings, and Mr. Farkas argued that, if the IGY UK Claims were permitted to proceed in any jurisdiction, then they belong in the English Action. *See id.*, Ex. 2 at 18-29. Island Capital,

2

Marina Holdings, and Mr. Farkas advised the Delaware Court that they consent to be joined in the English Action for purposes of resolving the IGY UK Claims, provided that such claims proceed in the English Action only. *See id*. at 9, 29.

On May 15, 2026, Island Capital, Mr. Farkas, and Marina Holdings also served responses and objections to the Delaware Discovery Requests. As to discovery directed to the earnout dispute, they responded to certain interrogatories, agreed to produce certain documents, and objected to certain interrogatories and requests for production, as set forth therein. As to the IGY UK Claims (and another new claim asserted by MarineMax East), however, Island Capital, Mr. Farkas, and Marina Holdings moved to stay discovery pending resolution of their Motion to Dismiss (the "Motion to Stay"). *See id.*, Ex. 3. The Motion to Stay was fully briefed on June 9, 2026. *See id.*, Ex. 4 (Opposition); Ex. 5 (Reply).

On June 2, 2026, counsel for IGY UK asked the Delaware Court whether it intended to hear argument on the Motion to Stay. *Id*., Ex. 6. That same day, the Delaware Court's staff advised that it would "hold remote oral argument on both the Motion to Stay and the Motion to Dismiss" and would "reach out for scheduling" when the Motion to Dismiss was "fully briefed." *Id.* The Motion to Dismiss will be fully briefed by July 17, 2026, after which Respondents anticipate that the Delaware Court will schedule oral argument on both motions. *Id*., Ex. 7.

On June 9, 2026, the Court entered an order that allowed the substitution of IGY UK for IGY and granted Respondents the opportunity to file a supplemental brief tailored to IGY UK as the "new party." ECF No. 26. On June 12, 2026, IGY UK filed the IGY UK Application. It relies only on IGY's "previously filed Memorandum of Law, the Declaration of Aaron H. Marks with its accompanying exhibits, and the Declaration of Stuart Doxford with its accompanying

exhibits." ECF No. 27. The IGY UK Application does not rely on the Supplemental Declaration of Aaron H. Marks, dated March 30, 2026 (ECF No. 22), or the Corrected Supplemental Declaration of Aaron H. Marks, dated April 6, 2026 (ECF No. 23), which attached the pleadings in the English Action.

The IGY UK Application likewise did not update the Court on the status of the English Action. Nevertheless, Respondents understand that the English Action is in its earliest stages, with the public docket not even yet available, no court dates set, and no discovery commenced.

## ARGUMENT

As a threshold matter, the IGY UK Application, like its affiliate's prior application, should be denied because it is not seeking discovery "for use" in the English Action. *See* ECF No. 19 at 14-15. Rather, it seeks discovery for the Delaware Action. *Id.* Accordingly, IGY UK does not satisfy the statutory requirements for Section 1782 discovery. *Id.*

As demonstrated below, the IGY UK Application should also be denied as a matter of the Court's discretion because three of the four discretionary factors set forth in *Intel* weigh against discovery here. *See Mees v. Buiter*, 793 F.3d 291, 297-98 (2d Cir. 2015) (holding that the District Court should exercise its discretion "in light of the twin aims of the statute," – *i.e.*, "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (internal citations and quotation marks omitted); *see also In re SBK ART LLC*, 168 F.4th 68, 77-78 (2d Cir. 2026) (discussing application of the *Intel* factors in light of such twin aims).

*First*, IGY UK could obtain the discovery it seeks here without the Court's assistance. If the Delaware Court dismisses the IGY UK Claims on the basis of *forum non conveniens* and such claims instead proceed in the English Action, then IGY UK will be able to pursue discovery

4

through the English Action and does not need the Court's assistance.  As the Supreme Court recognized in *Intel*, where the Section 1782 respondent is also a participant in the foreign proceeding, this weighs against granting the discovery.  *See Intel*, 542 U.S. at 264.  By contrast, if the Delaware Court rules that the IGY UK Claims may proceed in the Delaware Action, then the discovery that IGY UK seeks here will proceed before the Delaware Court.  In such case, the parties can negotiate a mutually acceptable protective order to address the use of discovery from the Delaware Action in the English Action and vice versa, thereby eliminating this unnecessarily duplicative proceeding.  This too weighs against the Court granting the IGY UK Application.

*Second*, IGY UK should not be permitted to sidestep the Delaware Court's docket management.  The Delaware Court advised the parties, in response to IGY UK's inquiry, that it would hear argument on the Motion to Stay (which addresses whether and when discovery should proceed on the IGY UK Claims) at the same time it hears argument on the Motion to Dismiss, which will not be fully briefed until mid-July.  *See* Supp. Rose Decl., Ex. 6 (Email); Ex. 7 (Stipulation).  Thereafter, IGY UK nonetheless filed the IGY UK Application, which seeks immediate discovery here.  This too weighs against granting the IGY UK Application under *Intel*. *See Intel*, 542 U.S. at 265 (recognizing that it is proper to deny Section 1782 discovery where the requested discovery seeks to circumvent "proof-gathering restrictions or other policies of a foreign country *or the United States*") (emphasis added); *cf. also In re Harbour Victoria Inv. Holdings Ltd.*, 2015 WL 4040420, at \*9 (S.D.N.Y. June 29, 2015) (recognizing that Section 1782 discovery may properly be denied when an applicant "is seeking to evade an adverse discovery ruling in its ongoing U.S. proceeding").[2]

---

[2] Alternatively, if the Delaware Court dismisses the IGY UK Claims for failure to state a claim or lack of subject matter jurisdiction (as to the aiding and abetting claim), IGY UK would still have

*Third*, the Court should exercise its discretion to deny (or at least defer) the IGY UK Application because it seeks to impose an unduly burdensome timeline for discovery.  IGY UK seeks an order requiring that (i) Island Capital produce "*[a]ll* documents" concerning Mr. Jones within just 30 days of service of a subpoena, and (ii) Mr. Farkas and Mr. Mukamal sit for depositions within another 30 days thereafter.  ECF No. 3-1 at 1; ECF No. 27-1 (emphasis added). *Non-parties* to the English Action should not face considerably more time pressure and expense than the actual *parties* to the English Action.  Given that IGY UK itself is not yet producing or receiving any discovery in the English Action, it cannot credibly claim any urgency to obtain non-party discovery here.[3]

## CONCLUSION

For the foregoing reasons, the Court should deny the IGY UK Application or, in the alternative, defer ruling on it pending the Delaware Court's resolution of the Motion to Dismiss and Motion to Stay.  If the Court allows Section 1782 discovery to proceed, Respondents reserve all rights to seek costs as well as a protective order.

---

ample time to pursue discovery from Respondents, given that the English Action remains at its earliest stages.

[3] If IGY UK is allowed to bypass the ordinary discovery procedures in the Delaware Action by obtaining accelerated, unilateral discovery from Respondents through Section 1782's non-party discovery procedures, then IGY UK should bear those costs in this proceeding.  Cost shifting is "mandatory" pursuant to Federal Rule of Civil Procedure 45 where a non-party respondent incurs significant expense from compliance with a subpoena. *See generally* Fed. R. Civ. P. 45(d)(2)(B)(ii) (a court order compelling discovery "must protect" a non-party "from significant expense resulting from compliance"); *In re L. Firms of McCourts & McGrigor Donald*, 2001 WL 345233 (S.D.N.Y. Apr. 9, 2001) (denying motion to reconsider order granting cost-shifting in connection with Section 1782 discovery); *In re T-Sys. Scheiz AG*, 2020 WL 7384007, at *2 (S.D.N.Y. Dec. 16, 2020) (requiring the Section 1782 petitioner to pay certain costs pursuant to Federal Rule of Civil Procedure 45(d)).

Dated: June 26, 2026                    Respectfully submitted,

      New York, New York

By: */s/ Danielle L. Rose*               By: */s/ Thomas Mealiffe*

Danielle L. Rose                        Adam B. Gilbert
Darryl G. Stein                         Thomas Mealiffe
danielle.rose@kobrekim.com              agilbert@nixonpeabody.com
darryl.stein@kobrekim.com               tmealiffe@nixonpeabody.com
KOBRE & KIM LLP                         NIXON PEABODY LLP
800 Third Avenue                        55 W 46th Street
New York, NY 10022                      New York, NY 10036
Telephone: +1 212 488 1200              Telephone: +1 212 940 3004

*Counsel for Island Capital Group LLC*      *Counsel for Andrew L. Farkas*

By: */s/ Richard C. Schoenstein*

Richard C. Schoenstein
rschoenstein@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Telephone:  +1 212 216 1120

*Counsel for Thomas Mukamal*

7

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum of law complies with the word count limitation set forth in Local Civil Rule 7.1(c). According to the word count feature of the word-processing system used to prepare this document, the memorandum contains 1,955 words, excluding the caption, table of contents, table of authorities, signature block, and any required certificates.

*/s/ Danielle L. Rose*

Danielle L. Rose

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sends a notification of such filing to all counsel of record.

*/s/ Danielle L. Rose*

Danielle L. Rose