**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re Application Of<br><br>IGY SERVICES EUROPE LIMITED,<br><br>Petitioner, For An Order Pursuant To<br>28 U.S.C. § 1782 To Obtain Discovery<br>For Use In A Foreign Proceeding |

Case No. 1:26-mc-00053-VSB-SN

**ECF Case**

**PETITIONER'S REPLY TO RESPONDENTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO IGY SERVICES EUROPE LIMITED'S AMENDED APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT <u>DISCOVERY FOR USE IN A FOREIGN PROCEEDING</u>**

In its June 9, 2026 Order, the Court granted Petitioner's request to substitute IGY Services Europe Limited ("IGY UK") for Island Global Yachting LLC ("IGY") as petitioner in this matter, directed Petitioner to file an amended Application substituting IGY UK as petitioner, and granted Respondents permission to file a "brief supplemental opposition tailoring its arguments to the new party"—but *only* "to the extent warranted." Dkt. 26. It is plain from Respondents' submission (Dkt. 29) that no supplemental opposition was warranted. Instead of advancing arguments "tailored" to IGY UK, Respondents regurgitate arguments they included in previous filings and the Court already rejected, while attempting to advance brand-new arguments that are not tailored to IGY UK, should have been included in Respondents' original opposition, and have therefore been waived. The Court should reject Respondents' inappropriate submission, grant the Application, and direct Respondents to comply with the proposed Subpoenas.[1]

---

[1] In one of the only places in their submission in which they actually address the substitution of IGY UK as petitioner, Respondents assert that IGY UK's Amended Application "does not rely on" the Corrected Supplemental Declaration of Aaron H. Marks, dated April 6, 2026. Dkt. 29, p.4. For the avoidance of doubt, to the extent IGY UK's Amended Application failed to expressly rely on the Corrected Supplemental Marks

*First*, without bothering to "tailor" them to IGY UK, Respondents simply incorporate their previous arguments that the Application does not seek discovery "for use" in the English Proceeding. Dkt. 29 pp.1, 4. Petitioner refers the Court to its prior briefing demonstrating that these arguments are without merit.

*Second*, Respondents once again assert that the Court should deny or defer the Application based on Respondents' pending motions in the Delaware Action for dismissal and a stay of discovery, which arise largely out of Respondents' tactical proposal to submit to the English Court's jurisdiction for the claims currently asserted against them in Delaware. Dkt. 29, pp.1, 4-5. However, Respondents' "request to defer ruling on the Application pending resolution of motions in the related Delaware action" was fully addressed in the parties' letter briefs, *see* Dkt. 25, and denied by this Court, *see* Dkt. 26. Respondents provide no basis for reconsidering the Court's ruling, and there is none. Indeed, through this argument Respondents do not contest that IGY UK needs discovery to support its claims against Kenneth Jones—rather, Respondents suggest that such discovery should proceed in the English Proceeding or the Delaware Action instead of this Court. In other words, denying the Application would merely delay the inevitable, while severely prejudicing IGY UK in the process. Respondents are not parties to the English Proceeding (where discovery is far more circumscribed than the U.S. in any event), and are actively seeking to *stay* discovery in the Delaware Action. Although Respondents claim that the English Proceeding is in the "earliest stages," Dkt. 29 n.2, they do not dispute that the English Proceeding is *not* stayed and is moving forward; and Respondents' assertion that IGY UK will have "ample time" to pursue and obtain discovery at some future date is both unsupported by any facts—or even an affidavit from

---

Declaration (Dkt. 23), that was entirely inadvertent, and IGY UK hereby incorporates it in support of its Amended Application (Dkt. 27).

their UK attorney—and cold comfort, given the steadfastness with which Respondents have been seeking to delay any effort to take discovery into their bribery scheme to date.

Third, the Court should reject Respondents' absurd argument that IGY UK's Amended Application seeks to "sidestep the Delaware Court's docket management"—an argument that is based on the equally absurd notion that the Amended Application was filed in order to "evade" an "adverse discovery ruling" in the Delaware Action. Dkt. 29, p.5 (quotation marks and citation omitted). The Amended Application was filed merely to substitute one petitioner for another, at the express direction of the Court, Dkt. 26 ("Petitioner *shall* file an amended Application…") (emphasis added), and plainly "relates back" to the original filing, *see, e.g.*, *Naula v. Rite Aid of New York*, 2010 WL 2399364, at *1 n.2 (S.D.N.Y. Mar. 23, 2010) (holding that "the amended complaint relates back to the filing date of the original complaint" when the pleadings were identical except for the addition of a party). Moreover, there has been no "adverse discovery ruling" in Delaware—instead, the only "ruling" identified by Respondents is an email from the judicial assistant for the Delaware Court noting that oral argument on Respondents' motions to dismiss and stay discovery will be scheduled together, at some unidentified future date. Dkt. 30-6. If anything, that email *undermines* Respondents' opposition to the Application, since it means that discovery in the Delaware Action is already subject to a *de facto* indefinite stay even as the English Proceeding moves ahead, and IGY UK will face substantial prejudice if it is unable to obtain highly relevant discovery necessary to prepare its case against Mr. Jones before trial.

Finally, Respondents seek to advance wholly new arguments that are not in any way related—much less "*tailor[ed]*"—to IGY UK's substitution as petitioner. Dkt. 26. Specifically, Respondents now argue, for the very first time, that the Application should be denied "because it seeks to impose an unduly burdensome timeline for discovery," and if the Application is not denied

3

then Respondents should be awarded their costs. Dkt. 29, p.6. However, the Application's proposed "timeline" has not changed since it was originally filed in February, *compare* Dkt. 6 at ¶¶ 6-7, *with* Dkt. 27-1 at ¶¶ 6-7, and if Respondents had an issue with that timeline they should have raised it in the opposition brief they filed back in March. They did not. *See* Dkt. 19. In any event, 30 days for completion of document discovery, and a further 30 days to complete two depositions, was not unreasonable when this proceeding was filed, and it is certainly not unreasonable now that Respondents have had the proposed subpoenas in their possession for five months. *See* Fed. R. Civ. P. 34(b)(2)(A) (requiring responses to document requests within 30 days); *Ball v. Metro-North Commuter Railroad*, 2024 WL 1118783, at *3 (S.D.N.Y. Mar. 13, 2024) ("30 days is the normal time to respond to a document request"); *Fu v. Consolidated Edison Company of New York, Inc.*, 2018 WL 4373995, at *5 (S.D.N.Y. Sept. 13, 2018) (holding that six days constituted "reasonable notice" of deposition under Rule 30(b)(1)).

As for Respondents' new request for costs, that too should have been raised in their opposition brief, and is meritless in any event. "'Under Federal Rule of Civil Procedure 45, a party issuing a subpoena is not required to bear the subpoenaed nonparty's cost of compliance.'" *Great Am. Ins. Co. v. Gemstone Property Management, LLC*, 2026 WL 959995, at *4 (S.D.N.Y. Apr. 9, 2026) (citation omitted). Because "courts assume that a responding party ordinarily bears the cost of responding," "cost-shifting is not a common practice" and is only imposed when necessary to protect non-party respondents from "significant expense." *Id.* (quotations and citations omitted). Respondents have not met that burden here. *See id.* ("Where a non-party has failed to establish the risk of 'significant expense,' fee-shifting is generally denied."); *see also In re Honeywell Intern,, Inc. Sec. Litig.*, 230 F.R.D. 293, 303 (S.D.N.Y. 2003) (denying cost-shifting request where

4

respondent did "not offer[] any basis for determining the reasonable costs for compliance with the subpoena").

In sum, Respondents failed to timely raise issues with the Subpoenas' timeline or burden, and the Court should reject Respondents' new arguments, while also denying Respondents' last-ditch request to further delay discovery through its purported "reserv[ation]" of "all rights to seek costs as well as a protective order." Dkt. 29, p.6.

For the foregoing reasons, and as set forth in Petitioner's original briefing, the Court should grant the Application and enter Petitioner's Proposed Order (Dkt. 27-1).

Dated:   New York, New York         Respectfully submitted,
         July 6, 2026
                                    KIRKLAND & ELLIS LLP

                                    */s/ Aaron H. Marks*
                                    Aaron H. Marks, P.C.
                                    aaron.marks@kirkland.com
                                    Gavin D. Schryver
                                    gavin.schryver@kirkland.com
                                    KIRKLAND & ELLIS LLP
                                    601 Lexington Avenue
                                    New York, New York 10022
                                    (212) 446-4800

                                    *Attorneys for Petitioner*
                                    *IGY Services Europe Limited*

5

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum of law complies with the word count limitation set forth in Local Civil Rule 7.1(c).  According to the word count feature of the word-processing system used to prepare this document, the memorandum contains 1,302 words, excluding the caption, table of contents, table of authorities, signature block, and any required certificates.

*/s/ Aaron H. Marks*
/s/ Aaron H. Marks, P.C.
