**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of<br><br>IGY SERVICES EUROPE LIMITED,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding | Case No. 1:26-mc-00053-VSB-SN |

**RESPONDENTS' OBJECTION TO**
**REPORT AND RECOMMENDATION DATED AUGUST 4, 2026**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1

LEGAL STANDARD .......... 3

OBJECTIONS .......... 3

I. The Report Should Have Denied the IGY UK Application Because It Sought Discovery That Could Be Obtained Without the Court's Aid. .......... 3

II. The Report Should Have Denied the IGY UK Application Because It Was Filed As a Pretext to Obtain Discovery for the Delaware Action. .......... 5

III. The Report Should Have Also Denied or Stayed the IGY UK Application As a Matter of Discretion. .......... 6

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Associacao dos Profissionais dos Correios v. Bank of N.Y. Mellon Corp.*,
2023 WL 3166357 (2d Cir. Mar. 28, 2023)........................................................ 3

*In re Harbour Victoria Inv. Holdings Ltd.*,
2015 WL 4040420 (S.D.N.Y. June 29, 2015)........................................................ 7

*In re Martinez*,
2025 WL 2505471 (S.D.N.Y. Sept. 2, 2025)........................................................ 3

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004)........................................................ *passim*

*Jiangsu S.S. Co., Ltd. v. Success Super. Ltd.*,
2015 WL 3439220 (S.D.N.Y. Feb. 5, 2015)........................................................ 6

*Kiobel ex rel. Samkalden v. Cravath, Swaine & Moore LLP*,
895 F.3d 238 (2d Cir. 2018)........................................................ 3, 7

*Mees v. Buiter*,
793 F.3d 291 (2d Cir. 2015)........................................................ 6

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978)........................................................ 6

**Statutes**

28 U.S.C. § 636........................................................ 1, 3

28 U.S.C. § 1782........................................................ *passim*

**Rules**

Fed. R. Civ. P. 72........................................................ 1, 3

Respondents Island Capital Group LLC ("Island Capital"), Andrew Farkas, and Thomas Mukamal (collectively, "Respondents") respectfully submit this objection pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 to the Report and Recommendation issued on August 4, 2026 (ECF No. 33, the "Report") because the Report erroneously recommended that the Court grant the application of IGY Services Europe Limited ("IGY UK") seeking discovery for use in a foreign proceeding (the "IGY UK Application").[1]

## PRELIMINARY STATEMENT

The IGY UK Application seeks the same discovery that IGY UK is currently seeking in a pending Delaware lawsuit (the "Delaware Action"), where it has asserted claims against Respondents Island Capital and Mr. Farkas (the "IGY UK Claims"). Those claims are "based on *the same alleged misconduct* involving Kenneth Jones raised in" the foreign proceeding (the "English Action") for which discovery is sought here. Report at 2 (emphasis added). The Report erred by permitting IGY UK to pursue parallel, duplicative discovery. At a minimum, the Court should defer resolving this objection pending developments in the Delaware Action.

*First*, IGY UK can obtain the discovery it seeks here without the Court's assistance. This weighs strongly against granting the IGY UK Application. As the Supreme Court held in *Intel Corp. v. Advanced Micro Devices, Inc.*, discovery from non-parties is favored pursuant to Section 1782 because the evidence otherwise "may be unobtainable absent § 1782(a) aid." 542 U.S. 241, 264 (2004) ("*Intel*"). Here, the Report failed to adequately consider that Respondents Island Capital and Mr. Farkas, as well as petitioner IGY UK, are all parties to the Delaware Action, where

[1] Unless otherwise defined herein, capitalized terms have the respective meanings ascribed to them in Respondents' Supplemental Memorandum of Law in Opposition to IGY Services Europe Limited's Amended Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (ECF No. 29, "Respondents' Supplemental Opposition").

IGY UK is pursuing the same discovery. *See* Report at 8-9. In these circumstances, there is no "need for § 1782(a) aid." *Intel*, 542 U.S. at 264.

*Second*, and relatedly, the IGY UK Application should have been denied because it impermissibly used the English Action as a pretext to seek discovery for use in the Delaware Action, which the Report did not properly consider. Report at 6-7. The IGY UK Application seeks discovery of materials that are *only* relevant to the Delaware Action. IGY UK itself admitted that the IGY UK Application seeks to explore the conduct and purported objectives of *Island Capital*, a Respondent here and a defendant in the Delaware Action, rather than Mr. Jones, the defendant in the English Action. And as the Report correctly recognized, "the proposed subpoenas appear to sweep beyond Jones-specific discovery," including discovery regarding alleged payments "to 'other IGY employees,'" not just Mr. Jones. *See id.* at 11 (citing ECF No. 2).

*Third*, the circumstances of this case – whether considered pursuant to the *Intel* factors as a matter of pretext (as discussed above), or simply as part of the Court's overall exercise of discretion – weigh strongly against granting the IGY UK Application. Accordingly, for the reasons discussed below, Respondents respectfully request that the Court sustain the objection or, alternatively, defer ruling on the objection until the Delaware Court has ruled on a pending motion to dismiss in the Delaware Action (the "Motion to Dismiss"). If the Delaware Court grants the Motion to Dismiss on the basis of *forum non conveniens*, then Respondents Island Capital and Mr. Farkas have both consented to be joined in the English Action for purposes of resolving the IGY UK Claims, provided that such claims proceed there only. Report at 2 n.1. The Delaware Court's decision will provide clarity on where the IGY UK Claims will be heard and, therefore, may obviate the need for Section 1782 discovery.

## LEGAL STANDARD

The Report is a nonfinal decision on a dispositive matter. *See Associacao dos Profissionais dos Correios v. Bank of N.Y. Mellon Corp.*, 2023 WL 3166357, at *1 (2d Cir. Mar. 28, 2023) (considering the magistrate judge's ruling denying Section 1782 application "as a report and recommendation" on a dispositive matter). Accordingly, upon the issuance of the Report, a party may lodge specific written objections to the proposed findings and recommendations within 14 days of being served with that recommended disposition. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). As to the portions of the Report to which, as here, a party has properly objected, the Court "must determine *de novo*" whether the magistrate judge's recommended disposition was proper. *Id.* The Court may "adopt those portions of the recommendation to which no specific, written objection is made, as long as those sections are not clearly erroneous." *In re Martinez*, 2025 WL 2505471, at *2 (S.D.N.Y. Sept. 2, 2025) (citations omitted).[2]

## OBJECTIONS

### I. The Report Should Have Denied the IGY UK Application Because It Sought Discovery That Could Be Obtained Without the Court's Aid.

Respondents respectfully object to the Report's conclusion that the first *Intel* factor weighs in favor of discovery. Report at 8-9. In these circumstances, Respondents' current status as non-parties in the English Action does not end the inquiry. Rather, the key question is whether IGY UK can obtain the discovery without the Court's assistance.

[2] Respondents do not object to the Background set forth in the Report, or to the Report's recitation of the legal standard for Section 1782 applications. *See* Report at 1-4 (discussing background); *id.* at 4-5 (discussing legal standard, citing *Intel* and, among others, *Kiobel ex rel. Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238 (2d Cir. 2018)).

Here, discovery can be obtained without the Court's assistance. As the Report acknowledges, IGY UK is seeking the *same* discovery in the Delaware Action in which Respondents Island Capital and Mr. Farkas are named as defendants. *See id.* at 13 ("the requested discovery overlaps with discovery sought in Delaware" from Island Capital and Mr. Farkas). Indeed, neither the Report nor IGY UK's briefing identified *any* documents requested here that IGY UK has not also already sought in the Delaware Action. *See id.* at 10-14; ECF No. 22-5 (Document Requests); ECF No. 21 at 8-9 (IGY Reply); ECF No. 32 at 3-5 (IGY UK Supplemental Reply). If the Delaware Court allows the IGY UK Claims to proceed in the Delaware Action, then IGY UK can obtain this discovery there and deploy it in the English Action subject to a mutually acceptable protective order.

Alternatively, if the Delaware Court grants the Motion to Dismiss on the basis of *forum non conveniens*, then Respondents Island Capital and Mr. Farkas have both consented to be joined in the English Action for purposes of resolving the IGY UK Claims, provided that such claims proceed there only. Report at 2 n.1. Accordingly, IGY UK could pursue its claims against Island Capital and Mr. Farkas in the English Action, and the first *Intel* factor would undoubtedly weigh against discovery. *See Intel*, 542 U.S. at 264.[3] Moreover, the *parties* to the English Action – IGY UK and Mr. Jones – are not even engaging in discovery. There is no conceivable reason that the IGY UK Application must urgently proceed for purported non-party discovery in these circumstances.

[3] The first *Intel* factor does not consider whether a respondent may cease to be a party if all claims against it are dismissed (*see id.*), and so it is immaterial whether the IGY UK Claims may eventually be dismissed entirely. In any event, the English Action is still in early stages, so IGY UK can seek further relief if circumstances change such that Island Capital and Mr. Farkas are no longer parties to any of IGY UK's pending actions.

In short, contrary to the Report's conclusion, *Intel* favors denying the IGY UK Application or, at a minimum, deferring any ruling on this objection until after the Delaware Court has ruled on the Motion to Dismiss.

## II. <u>The Report Should Have Denied the IGY UK Application Because It Was Filed As a Pretext to Obtain Discovery for the Delaware Action</u>.

The Report also erred in granting the IGY UK Application because it was filed as a pretext to obtain discovery for use in the Delaware Action rather than for use in the English Action. The Report's conclusion that "any overlap . . . is readily explained by the fact that both proceedings concern common underlying facts involving the same alleged misconduct" ignores key admissions and other considerations. Report at 7.

Here, IGY UK *admitted* that it was seeking the discovery to assess Island Capital's conduct – rather than Mr. Jones's conduct. IGY UK explained that it sought discovery to explore "*Island Capital's* goals" (ECF No. 2 at 14 (emphasis added)) and "exactly what *Island Capital* was hoping to achieve" (*id.* at 8 (emphasis added)). Discovery into Island Capital's goals does not bear on whether Mr. "Jones breached his contractual, fiduciary, and fidelity obligations." Report at 6-7 (discussing scope of English Action). To the contrary, this is precisely what IGY UK is pursuing in the Delaware Action – namely whether Island Capital somehow intended to interfere with Mr. Jones's purported employment contract or purported fiduciary duties. ECF No. 30-2 at 7 ("The Amended Complaint alleges that Movants aided and abetted Mr. Jones's purported breach of fiduciary duty by promising Mr. Jones a payment, asking Mr. Jones to share confidential 'IGY business information,' and purportedly seeking to promote Movants' 'interests' rather than the interests of 'IGY.'") (citation omitted); *id.* at 8 ("IGY UK further claims that Movants intentionally induced such breach [of Mr. Jones's employment agreement] 'when they offered him' the

purported promised payment and purportedly asked Mr. Jones 'to share confidential IGY business information and promote Island Capital interests at IGY.'") (citation omitted).

Further, as the Report acknowledged, "the proposed subpoenas appear to sweep beyond Jones-specific discovery," including discovery regarding alleged payments "to 'other IGY employees,'" not just Mr. Jones. *See* Report at 11 (citation omitted). There is no reason that IGY UK needs discovery into persons *other than* Mr. Jones to pursue claims against Mr. Jones.

At most, discovery on these subjects would be "marginally relevant to the foreign proceeding." *Mees v. Buiter*, 793 F.3d 291, 299 n.10 (2d Cir. 2015). This too reinforces that the IGY UK Application was "made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials." *Id.* (citation and quotation omitted). As courts in this District have repeatedly recognized, "[a] United States court must be particularly cautious to insure that § 1782 is not being invoked as a subterfuge, to mask some extra-statutory purpose." *Jiangsu S.S. Co., Ltd. v. Success Super. Ltd.*, 2015 WL 3439220, at *5 (S.D.N.Y. Feb. 5, 2015); *see also, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied").

Accordingly, the IGY UK Application should be denied because, whether considered as part of Section 1782's statutory "for use" requirement or as a matter of the Court's discretion, it was filed as a pretext to obtain discovery relevant to the Delaware Action rather than to the English Action.

## III. The Report Should Have Also Denied or Stayed the IGY UK Application As a Matter of Discretion.

Finally, Respondents respectfully object to the Report's overall conclusion that, "applying the discretion afforded to the Court by the statute," the IGY UK Application should be granted.

*See* Report at 14.[4] As the Second Circuit has explained, the *Intel* "factors are not to be applied mechanically," and courts "should also take into account any other pertinent issues arising from the facts of the particular dispute." *Kiobel*, 895 F.3d at 245. Whether the issues raised above are considered pursuant to the *Intel* factors or simply as part of the Court's overall analysis, the IGY UK Application should have been denied or, at a minimum, stayed.

Oral argument on the Motion to Dismiss is now scheduled for October 5, 2026. Until that date, the discovery IGY UK seeks here has effectively been stayed in the Delaware Action. *See* Respondents' Supplemental Opposition at 3. Thus, granting the IGY UK Application allows IGY UK to side-step the Delaware Court's management of that same discovery. Once the Motion to Dismiss has been decided, the parties will know in which court, if any, the IGY UK Claims will proceed. That court, not this one, can supervise discovery. *Cf. In re Harbour Victoria Inv. Holdings Ltd.*, 2015 WL 4040420, at *9 (S.D.N.Y. June 29, 2015) (denying Section 1782 discovery on grounds of circumvention of discovery order in overlapping domestic litigation).

[*Remainder of Page Left Intentionally Blank*]

---

[4] For the avoidance of doubt, Respondents do not object to the Report's recommendation that, if the IGY UK Application is granted, the scope of discovery should be narrowed "consistent with the limitations set forth" in the Report's discussion of the fourth *Intel* factor. Report at 14.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court sustain the objection or, alternatively, defer ruling on the objection until the Delaware Court has ruled on the Motion to Dismiss.

Dated: August 18, 2026
New York, New York

Respectfully submitted,

By: */s/ Danielle L. Rose*

Danielle L. Rose
Darryl G. Stein
danielle.rose@kobrekim.com
darryl.stein@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Telephone: +1 212 488 1200

*Counsel for Island Capital Group LLC*

By: */s/ Adam B. Gilbert*

Adam B. Gilbert
Thomas Mealiffe
agilbert@nixonpeabody.com
tmealiffe@nixonpeabody.com
NIXON PEABODY LLP
55 W 46th Street
New York, NY 10036
Telephone: +1 212 940 3004

*Counsel for Andrew L. Farkas*

By: */s/ Richard C. Schoenstein*

Richard C. Schoenstein
rschoenstein@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Telephone: +1 212 216 1120

*Counsel for Thomas Mukamal*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum of law complies with the word count limitation set forth in Local Civil Rule 7.1(c). According to the word count feature of the word-processing system used to prepare this document, the memorandum contains 2,220 words, excluding the caption, table of contents, table of authorities, signature block, and any required certificates.

*/s/ Danielle L. Rose*

Danielle L. Rose

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Danielle L. Rose*

Danielle L. Rose