**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application Of<br><br>IGY SERVICES EUROPE LIMITED<br><br>Petitioner, For An Order Pursuant To 28 U.S.C. § 1782 To Obtain Discovery For Use In A Foreign Proceeding | Case No. 1:26-mc-00053-VSB-SN<br><br>**ECF Case** |

**PETITIONER'S RESPONSE TO RESPONDENTS' OBJECTION TO REPORT AND RECOMMENDATION DATED AUGUST 4, 2026**

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

*Counsel for Petitioner*
*IGY Services Europe Limited*

# **TABLE OF CONTENTS**


PRELIMINARY STATEMENT ..... 1

LEGAL STANDARD ..... 2

ARGUMENT ..... 4

I. THE REPORT CORRECTLY CONCLUDED THAT THE FIRST *INTEL* FACTOR WEIGHS IN FAVOR OF DISCOVERY. ..... 4

II. THE DISCOVERY SOUGHT IN THE APPLICATION IS DIRECTLY RELEVANT TO THE ENGLISH PROCEEDING. ..... 6

III. THE COURT SHOULD WARN RESPONDENTS AGAINST IMPROPER DELAY. ..... 9

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re Abraaj Inv. Mgmt. Ltd.*,
No. 20-MC-00229, 2023 WL 2674752 (S.D.N.Y. Mar. 29, 2023) ....................................3

*In re Accent Delight Int'l Ltd.*,
869 F.3d 121 (2d Cir. 2017)....................................................................................7

*In re Alghanim*,
No. 17-MC-00406, 2018 WL 2356660 (S.D.N.Y. May 9, 2018)........................................5

*In re Application of Annington Funding Plc*,
No. 26-MC-00061, 2026 WL 2149875 (S.D.N.Y. July 24, 2026) .....................................4

*In re Ex Parte Application of Porsche Automobil Holding SE*,
No. 15-MC-00417, 2016 WL 702327 (S.D.N.Y. Feb. 18, 2016)........................................6

*In re B&C KB Holding GmbH*,
No. 23-1014, 2024 WL 3170983 (2d Cir. June 26, 2024)..................................................8

*In re Batbold*,
No. 21-MC-00218, 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023)......................................8

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
673 F.3d 76 (2d Cir. 2012)......................................................................................3

*Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*,
27 F.4th 136 (2d Cir. 2022) ....................................................................................2

*Gorsoan Ltd. v. Bullock*,
652 F. App'x 7 (2d Cir. 2016) .................................................................................6

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004).............................................................................. *passim*

*Jiangsu S.S. Co., Ltd. v. Success Super. Ltd.*,
No. 14-CIV-09997, 2015 WL 3439220 (S.D.N.Y. Feb. 5, 2015) ......................................9

*In re Martinez*,
No. 24-MC-00306, 2024 WL 5402058 (S.D.N.Y. Nov. 1, 2024) ..................................6, 8

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978)...............................................................................................9

*In re Refineria de Cartagena S.A.S.*,
No. 23-MC-00455, 2024 WL 95056 (S.D.N.Y. Jan. 8, 2024)............................................6

*In re SPS I Fundo de Investimento de Acoes*,
No. 22-MC-00118, 2024 WL 917236 (S.D.N.Y. Mar. 4, 2024) ..............................................3

**Statutes**

28 U.S.C. § 1782.............................................................................................................. *passim*

Petitioner IGY Services Europe Limited ("IGY UK" or "Petitioner") respectfully submits this Response to the Objection (Dkt. 34, the "Objection" or "Obj.") by Respondents Island Capital LLC ("Island Capital"), Andrew Farkas, and Thomas Mukamal (collectively, "Respondents") to the Report and Recommendation issued on August 4, 2026 (Dkt. 33, the "Report") by Judge Sarah Netburn, and respectfully requests that the Court adopt the recommendations in the Report and grant Petitioner's Amended Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding (Dkt. 27, the "Application").

## PRELIMINARY STATEMENT

Respondents' Objection is simply the latest in Respondents' string of attempts to avoid discovery into an egregious scheme through which they bribed one of Petitioner's executives, Kenneth Jones, to breach his fiduciary and contractual duties, leading IGY UK to commence an action in England against that executive (the "English Proceeding"). As Judge Netburn held, Petitioner properly seeks documents for use in that foreign proceeding, and its Application should be granted. Although Respondents object to her Report, the Magistrate Judge thoroughly evaluated each of the arguments Respondents raise in their Objection and soundly rejected them. This Court should do the same.

First, the Report correctly concluded that the first factor under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)—whether "the person from whom discovery is sought is a participant in the foreign proceeding"—weighs in favor of discovery because Respondents are not participants in the English Proceeding and any assertion that they eventually will be is speculative at best, and irrelevant in any event. Any argument for a stay based on Respondents' speculation about the outcome of a parallel action in Delaware (the "Delaware Action") should likewise be rejected, including because the discovery requested here is

independent of discovery in the Delaware Action, and because Respondents are currently seeking to dismiss Petitioner's claims, and to stay Petitioner's discovery, in the Delaware Action.

Second, the discovery sought in the Application is directly relevant to the claims against Mr. Jones in the English Proceeding, and the Application is not a "pretext" to seek discovery for use in the Delaware Action. As the Report correctly notes, "any overlap … is readily explained by the fact that both proceedings concern common underlying facts involving the same alleged misconduct." Report at 7. And as case law confirms, there is absolutely nothing untoward about seeking discovery through Section 1782 that could also be relevant to another pending proceeding. Indeed, Respondents' assertion that the English Proceeding is merely a "pretext" for seeking discovery for use in the Delaware Action makes absolutely no sense: if so, one would have expected Petitioner to wait to file its claims in the Delaware Action until after it obtained discovery in this Court. Instead, Petitioner is proceeding with those claims (and related discovery requests) in parallel with this proceeding, because they are independent of one another. Simply put, Petitioner requires discovery to aid its claims in the English Proceeding—which is actively proceeding—regardless of whether it also hopes to obtain discovery in the Delaware Action to aid its pending claims in that Court. Respondents' argument that the Application is pretextual is without merit.

Accordingly, the Court should adopt the recommendations in the Report and grant Petitioner's Application.

## LEGAL STANDARD

Under 28 U.S.C. § 1782, district courts are empowered to order discovery for use in a foreign proceeding pursuant to a two-step analysis. *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022). First, the applicant must satisfy three statutory requirements: (i) "the person from whom discovery is sought resides (or is found) in the district of

the district court to which the application is made"; (ii) "the discovery is for use in a foreign proceeding before a foreign tribunal"; and (iii) "the application is made by a foreign or international tribunal or any interested person." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). Second, courts consider four discretionary factors: (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (iii) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (iv) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

In exercising their discretion, courts should "tak[e] into consideration the twin aims of the statute, namely, providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Abraaj Inv. Mgmt. Ltd.*, No. 20-MC-00229, 2023 WL 2674752, at *2 (S.D.N.Y. Mar. 29, 2023) (citation omitted). In light of these twin aims, courts in this Circuit "have instructed district courts to take a 'hospitable view' of Section 1782 discovery, the availability of which 'is quite broad and only has broadened through successive amendments over the years.'" *In re SPS I Fundo de Investimento de Acoes*, No. 22-MC-00118, 2024 WL 917236, at *1 (S.D.N.Y. Mar. 4, 2024) (citations omitted).

Respondents contend that the Second Circuit recently held in an unpublished decision that a Magistrate Judge's decision *denying* an application under Section 1782 is "dispositive" and therefore subject to *de novo* review. *Associacao dos Profissionais dos Correios v. Bank of N.Y. Mellon Corp.*, 2023 WL 3166357, at *1 (2d Cir. Mar. 28, 2023) (summary order). However, the

standard of review to be applied to a Magistrate Judge's decision to *grant* a Section 1782 application, like the Report here, is "unsettled law in this Circuit." *See In re Application of Annington Funding Plc*, No. 26-MC-00061, 2026 WL 2149875, at *3 (S.D.N.Y. July 24, 2026) (noting that "the appropriate standard of review to be applied to the order is unclear," but "taking the conservative view that a decision granting a § 1782 application may be dispositive"). The Court need not resolve that question here. As explained below, regardless of the standard applied, the Magistrate Judge's Report correctly found that the Application satisfies the standard for Section 1782 discovery, and its recommendations should be adopted.

**ARGUMENT**

## I. THE REPORT CORRECTLY CONCLUDED THAT THE FIRST *INTEL* FACTOR WEIGHS IN FAVOR OF DISCOVERY.

Respondents' objection to Judge Netburn's conclusion that the first discretionary *Intel* factor supports granting the Application boils down to the notion that, while Petitioner may be entitled to obtain relevant discovery from Respondents to support its English claims against Mr. Jones, there is a *possibility* Petitioner *may* *also* be able to obtain that discovery in another proceeding—either Petitioner's pending action against Respondents in Delaware, or in the English Proceeding itself.

The Report correctly rejected this argument because it is baseless: Respondents' assertion that Petitioner *might* be able to obtain the same discovery in some other forum at some unknown time in the future and then use it in support of its claims against Mr. Jones is speculative and incorrect. Critically, it also ignores that the English Proceeding for which Judge Netburn accurately concluded Petitioner needs this discovery is not stayed and is proceeding, so denying the Petition just to see what happens in one of these other cases will only prejudice Petitioner without any corresponding benefit in the form of conserving judicial resources or otherwise—

since this particular argument necessarily presumes (or, at a minimum, does not contest) that Petitioner does, in fact, require discovery from Respondents for use in the English Proceeding. The Court should reject Respondents' transparent attempt to delay—and through that delay, deny—discovery that is indisputably relevant to the English Proceeding.

First, Respondents argue that Petitioner can obtain discovery without the Court's assistance because Petitioner is seeking the same documents in the Delaware Action. However, there is no guarantee that Petitioner will obtain the discovery it needs for the English Proceeding in the Delaware Action. In fact, Respondents are actively *opposing* bribery-related discovery in the Delaware Action. Dkt. 32 (Supp'l Reply Brief) at 2. It is rich indeed for Respondents to suggest that Petitioner should be denied relevant discovery in this proceeding in favor of another proceeding where Respondents are also seeking to avoid that discovery.

For the same reasons, the Court should reject Respondents' last-ditch request to simply cast aside the well-established *Intel* factors and deny or stay the Application "as a matter of discretion" until the Motion to Dismiss is decided in the Delaware Action. Obj. at 6-7. There is absolutely no justification—under the *Intel* factors or otherwise—for staying a petition under Section 1782 merely based on a respondent's hope that a court in another case *might* grant similar discovery—over that same respondent's objection—that *might* then be available for use in the foreign proceeding. *See In re Alghanim*, No. 17-MC-00406, 2018 WL 2356660, at *4 (S.D.N.Y. May 9, 2018) ("Section 1782, however, does not require an applicant to exhaust discovery against the respondent in an available proceeding before seeking section 1782 relief").

Second, Respondents' assertion that Petitioner may be able to obtain discovery in the English Proceeding itself fares no better. Respondents are simply not parties to the English Proceeding. Their tactical, highly conditional offer to submit to the jurisdiction of the English

courts—made only after the instant Application was fully briefed—does not change that fact. In any event, courts have held that Section 1782 is appropriate to obtain discovery even when respondents are *parties* to the underlying foreign proceedings. *See Gorsoan Ltd. v. Bullock*, 652 F. App'x 7, 9 (2d Cir. 2016) (holding that even the fact that a target is *a party* to the foreign proceeding "does not automatically foreclose § 1782 aid."). This is because "'[t]he relevant inquiry is whether the foreign tribunal has the ability to control the evidence sought and order production, not whether the tribunal has control over the party targeted by the Section 1782 application.'" *In re Martinez*, No. 24-MC-00306, 2024 WL 5402058, at *6 (S.D.N.Y. Nov. 1, 2024) (citation omitted). And Section 1782 relief is particularly warranted where, as here, the foreign court does not generally authorize "the type (and scope) of evidentiary production sought by [the applicant] in this Court." *In re Ex Parte Application of Porsche Automobil Holding SE*, No. 15-MC-00417, 2016 WL 702327, at *7 (S.D.N.Y. Feb. 18, 2016); *see also In re Refineria de Cartagena S.A.S.*, No. 23-MC-00455, 2024 WL 95056, at *8-10 (S.D.N.Y. Jan. 8, 2024) (finding that first Intel factor weighed in favor of granting relief even when respondent "consented to the jurisdiction of the foreign tribunals" where "the requested discovery requests would likely be denied in the foreign proceeding" pending before the English High Court).

Accordingly, the Report correctly concluded that the first *Intel* factor weighs in favor of granting discovery.

## II. THE DISCOVERY SOUGHT IN THE APPLICATION IS DIRECTLY RELEVANT TO THE ENGLISH PROCEEDING.

Respondents' argument that Petitioner's Application is a pretext to obtain discovery for the Delaware Action is baseless and irrelevant to the analysis of whether Section 1782 discovery should be granted, and was correctly rejected by Judge Netburn in her Report. Report at 6-7 ("Section 1782 'does not prevent an applicant who lawfully has obtained discovery under the

statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise.'") (quoting *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017)).

Petitioner's proposed Subpoenas seek documents and testimony that are directly relevant to the claims in the English Proceeding. Petitioner seeks documents and communications concerning Mr. Jones and any payments to Mr. Jones, which are necessary to understand the nature and scope of Mr. Jones's breaches of contract and fiduciary duty, and the damages caused by those breaches. And depositions of Mr. Farkas and Mr. Mukamal are likewise relevant to understanding what was offered to and expected of Mr. Jones. *See* Report at 12 ("Testimony from Farkas and Mukamal concerning their communications with Jones, any actual or proposed payments to Jones, and their expectations of Jones therefore falls within the proper scope of discovery for use in the English action.").

Nevertheless, Respondents argue that Petitioner does not *actually* seek this discovery for its claims against Mr. Jones because Petitioner has "admitted" that it is seeking discovery to assess Island Capital's conduct, not Mr. Jones's conduct. Obj. at 2. That is a blatant mischaracterization. As Petitioner expressly made clear—in the same exact section of the brief from which Respondents draw the purported admission, as well as in its reply brief—Petitioner seeks to understand what Island Capital's goals were in bribing Mr. Jones because it is directly relevant to what actions Mr. Jones took in exchange for Island Capital's bribe, and what damages he has done to Petitioner and its business. Dkt. 2 (Opening Brief) at 7-9; Dkt. 21 (Reply Brief) at 6-7. Thus, Respondents' argument that "[t]here is no reason that IGY UK needs discovery into persons *other than* Mr. Jones to pursue claims against Mr. Jones" (Obj. at 6) is clearly wrong. Analyzing the motivations and

actions of the entity or people doing the bribing is essential to understanding the motivations and actions of (and damages caused by) the person who was bribed.[1]

Ultimately, Respondents' assertion that there is something untoward or "pretextual" about the fact that the discovery Petitioner seeks here will be relevant to its claims in the Delaware Action is simply incorrect, both as a matter of fact and law. As Judge Netburn noted, "any overlap … is readily explained by the fact that both proceedings concern common underlying facts involving the same alleged misconduct." Report at 7. And as the Second Circuit authority cited in the Report makes clear, there is nothing wrong with that. *Id.* (citing *In re B&C KB Holding GmbH*, No. 23-1014, 2024 WL 3170983, at *4 (2d Cir. June 26, 2024) (summary order) (rejecting pretext argument where overlap between § 1782 requests and other proceedings was "readily explained" by the fact that the proceedings concerned "common underlying facts involving the same alleged wrongdoing")). Indeed, courts have held that "[a]s long as an applicant satisfies its burden of showing that the requested discovery is 'for use' in a foreign proceeding, nothing in the statute requires that that be its only use." *In re Martinez*, 2024 WL 5402058, at *4; *see also In re Batbold*, No. 21-MC-00218, 2023 WL 2088524, at *8 (S.D.N.Y. Feb. 17, 2023) ("[T]he fact that discovery sought in a Section 1782 application may also be used in a future litigation does not necessarily require a court to deny the application").

---

1 The Report also recommended that the Court order the parties to meet and confer "regarding the scope of the subpoenas, including whether and to what extent the request for documents concerning payments to 'any IGY Employee' seeks materials sufficiently tied to Jones or the claims asserted in the English action." Report at 11. At a minimum, Petitioner believes that payments to IGY employees that reported to Mr. Jones, as well as payments that Respondents routed to such employees *through* Mr. Jones—and based on Mr. Jones's internal documents, both types of payments took place here—are directly relevant to Mr. Jones's breach of his duties and thus the claims in the English Proceeding.

Respondents' "pretext" argument is also illogical. IGY UK is *separately* seeking discovery in the Delaware Action—the very action for which Respondents assert this proceeding is a pretext. And, in direct contradiction to this assertion, Respondents also claim that IGY UK will be able to obtain that discovery in the Delaware Action in the event that Respondents' pending motion to dismiss is denied. Obj. at 4. But that directly undercuts the notion that this proceeding is a pretext for the Delaware Action. As Petitioner pointed out in its briefing before Judge Netburn, "Why would [Petitioner] go to the trouble of filing and pursuing this Application just to obtain discovery if it could obtain all the same discovery in the Delaware Litigation, which is where Respondents claim [Petitioner] truly wants to use the information in the first place? This makes no sense." Dkt. 21 (Reply Brief) at 7.[2] Respondents' argument still makes no sense, and this Court should reject it just as the Magistrate Judge did.

In sum, Petitioner has satisfied its burden of showing how the discovery sought is relevant "for use" in the English Proceeding, and the Application should be granted.

## III. THE COURT SHOULD WARN RESPONDENTS AGAINST IMPROPER DELAY.

As noted above, the Magistrate Judge's Report recommends that the Court grant the Application and order the parties to meet and confer "regarding the scope of the subpoenas." Report at 11. Petitioner attempted to confer with Respondents on August 19, 2026, after

[2] The cases Respondents cite are inapposite. Unlike here, where the English Proceeding has been filed and is moving forward, the plaintiff in *Jiangsu* could not point to an active or "reasonably contemplated" foreign proceeding in which the discovery sought would be used. *See Jiangsu S.S. Co., Ltd. v. Success Super. Ltd.*, No. 14-CIV-09997, 2015 WL 3439220, at *5-6 (S.D.N.Y. Feb. 5, 2015). *Oppenheimer* did not even involve an application for discovery under Section 1782 and the discovery request there was denied because, unlike here, respondents sought information for class notice purposes only, not "for any bearing that it might have on issues in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). As explained above, the discovery sought here "bears" directly on the claims against Mr. Jones in the English Proceeding.

Respondents filed their Objection. Although Respondents largely refused to engage, they did state that, if this Court overrules the Objection and adopts the Report, Respondents will then serve objections in which they will refuse to produce most or all of the documents sought in the Subpoenas on the grounds that they are duplicative of the discovery being sought in the Delaware Action. In other words, Respondents have admitted they will engage in further delay, this time on truly spurious grounds. The Magistrate Judge was well aware that Petitioner seeks similar discovery for use in the English Proceeding as it seeks in the Delaware Action, yet granted the Application because, simply put, it is clear that Petitioner is entitled to seek relevant discovery for use in the English Proceeding and all the statutory and discretionary factors under Section 1782 are met. Accordingly, in rejecting Respondents' Objection and adopting the Report, the Court should make clear that merely because a request in the Subpoena seeks documents that are *also* being sought in the Delaware Action—where, again, Respondents are actively trying to *stop* any discovery from taking place—is not legitimate grounds for refusing to respond or produce documents.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court adopt Judge Netburn's Report and Recommendation.

Dated: New York, New York
September 1, 2026

Respectfully submitted,

KIRKLAND & ELLIS LLP

*__/s/ Aaron H. Marks__*
Aaron H. Marks, P.C.
aaron.marks@kirkland.com
Gavin D. Schryver
gavin.schryver@kirkland.com
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

*Attorneys for Petitioner*
*IGY Services Europe Limited*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum of law complies with the word count limitation set forth in Local Civil Rule 7.1(c). According to the word count feature of the word-processing system used to prepare this document, the memorandum contains 3,158 words, excluding the caption, table of contents, table of authorities, signature block, and any required certificates.

*/s/ Aaron H. Marks*
/s/ Aaron H. Marks, P.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Aaron H. Marks*
/s/ Aaron H. Marks, P.C.